**Dhrumil PATEL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75771.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2008.*

Filed June 18, 2008.

Barry L. Frager, The Frager Law Firm, PC, Memphis, TN, for Petitioner.

Dalin Holyoak, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Dhrumil Patel, a juvenile citizen of India, appeals the Board of Immigration Appeals' ("BIA") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction to review this petition under 8 U.S.C. § 1252 and we deny the petition.

■ In removal proceedings, the Immigration Judge ("IJ") found that Patel was not a credible witness under the REAL ID Act credibility factors, and the BIA affirmed, finding that the adverse credibility determination was not clearly erroneous. Patel's testimony was replete with vague answers and inconsistencies, which under the REAL ID Act can constitute substantial evidence of a lack of credibility even if they do not go to the "heart" of Patel's claims. See 8 U.S.C. § 1158(b)(1)(B)(iii). Because we are not "compelled" to conclude to the contrary, we affirm the BIA's decision. See Tawadrus v. Ashcroft, 364 F.3d 1099, 1102 (9th Cir.2004) (quoting 8 U.S.C § 1252(b)(4)(B)).

The BIA also held in the alternative that even if Patel had been found credible and therefore statutorily eligible for relief, his claims would fail to establish past persecution or a well founded fear of future persecution, and thus, he was not entitled to

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

discretionary relief. See 8 U.S.C. § 1158(b). Failing to satisfy his burden for asylum, the BIA also upheld the IJ's denial of Patel's application for withholding of removal and affirmed the IJ's determination that his claims failed to establish that it is more likely than not that he will be tortured for any reason if removed to India. These conclusions are supported by substantial evidence. See Tawadrus, 364 F.3d at 1102.

■ The two purported incidents of mistreatment to which Patel testified do not rise to the level of severity required to constitute persecution. See, e.g., Matter of Kasinga, 21 I. & N. Dec. 357 (BIA 1996) (discussing the level of harm necessary to constitute persecution). It also appears that his work posting flyers for the Vishnu Hindu Parisad ("VHP") party was not an expression of political beliefs, but rather, a source of income for Patel and his grandparents, who had custody over him from an early age. Navas v. INS, 217 F.3d 646, 656 (9th Cir.2000) (applicant must show "not only that he was persecuted, but also that the persecution he suffered was on account of a protected category—namely, race, religion, nationality, membership in a social group, or political opinion"); 8 U.S.C. § 1158(b)(1)(B)(i). Patel also testified that after he ceased working for VHP, he no longer suffered any negative treatment. Patel's testimony, even if credible, cannot meet his burden for proving eligibility for asylum because he has not demonstrated past persecution on the basis of an enumerated ground or a well-founded fear of future persecution. See INS v. Elias–Zacarias, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Patel also has not met the more stringent standard required for withhold-

ing of removal, namely, "objective evidence that it is more likely than not that the alien will be subject to persecution upon deportation." *INS v. Cardoza–Fonseca,* 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); 8 C.F.R. § 1208.16(b)(2). An applicant who fails to satisfy the lower standard of proof for asylum "necessarily" fails to satisfy the more stringent standard for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Thus, substantial evidence supports the BIA's denial of withholding of removal. The record also does not support a claim for relief under the Convention Against Torture, because substantial evidence supports the BIA's conclusion that it is not more likely than not that Patel will face torture should he be returned to India. *See Morales v. Gonzales,* 478 F.3d 972, 983 (9th Cir.2007).

**DENIED.**